**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Vernon MILES, Defendant-Appellant.**

**No. 72-1748.**

United States Court of Appeals, Ninth Circuit.

July 16, 1973.

E. Richard Walker, Fed. Public Defender (argued), Sacramento, Cal., for defendant-appellant.

Bruce Babcock, Jr., Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before BROWNING and GOODWIN, Circuit Judges, and WILLIAMS,* District Judge.

## OPINION

PER CURIAM:

This is an appeal of a conviction under 26 U.S.C. § 5861(d) for possession of an unregistered firearm. The sole issue here, as in the district court, is the lawfulness of the search of appellant's suitcase that disclosed the illegal weapon.

Appellant was employed as a driver's helper on a United Van Lines moving van. Barton Trevillian was the driver, and in charge. Trevillian drove the van to the Sierra Army Depot, Hurlong, California, to pick up a load of household goods. He drove to the customer's residence, located in an unrestricted area of the Army base. Trevillian, appellant, and another helper began loading the van. Before the packing was completed, Trevillian drove the van to a truck scale to have it weighed, leaving appellant and the second helper at the residence, packing household goods. The truck scale was located some 20 blocks away within a restricted area of the base containing an ammunition dump. All commercial vehicles entering this area were searched by Army security guards pursuant to Army Regulations 210–10(1–15). A driver who did not wish his vehicle searched could leave; he was simply denied access to the restricted area. A security guard told Trevillian that the van would have to be searched before it could be taken into the restricted area. Trevillian responded, "Look it over all you want." In the course of the inspection that followed, the guard opened the door to a small compartment on the passenger side of the van and saw a suitcase. He asked Trevillian to open the suitcase; Trevillian did so. The guard reached into the suitcase and discovered a sawed-off shotgun. Trevillian told the guard that the suitcase belonged to appellant. Trevillian testified this occurred before he opened the suitcase; the guard testified it occurred after the gun was discovered.

The administrative search involved here is indistinguishable from the inspection for weapons and explosives of the persons and carry-on baggage of passengers seeking to board commercial aircraft approved in United States v. Davis, 482 F.2d 893 (9th Cir. 1973), the inspection for plant pests and disease of air passengers and their luggage approved in United States v. Schafer, 461 F.2d 856 (9th Cir. 1972), and the

* Honorable Spencer M. Williams, United States District Judge, Northern District of California, sitting by designation.

inspection for weapons and explosives of briefcases and packages carried into federal buildings approved in Downing v. Kunzig, 454 F.2d 1230 (6th Cir. 1972).

It was held in each of these cases that the public interest in preventing the introduction of dangerous material into the particular area involved was sufficiently strong to make it reasonable for the government (without a warrant or traditional probable cause) to condition access by any person seeking to enter the area upon submission by that person to an administrative inspection no more intrusive than necessary to meet the need to exclude the dangerous material from the restricted area. As we noted in United States v. Davis, since the need to exclude dangerous material could not justify the search of one who no longer sought to enter, the individual's right to avoid the search by electing not to seek access to the restricted area must be recognized.

Obviously there was a strong public interest in excluding weapons or sabotage devices from the ammunition dump. It was entirely reasonable to condition entry of a commercial vehicle into this area upon submission of the vehicle and its contents to an inspection sufficient to assure that no such material was present. It is clear from the record that Trevillian was fully aware of this condition upon entry and willingly agreed to satisfy it.

Appellant's sole contention is that the security guard was nonetheless barred from searching appellant's suitcase because appellant had not consented to the search or authorized Trevillian to do so.

We reject the contention.

The security officer did not initiate the search of the van and its contents. He had no interest in doing so. His sole interest was in excluding uninspected vehicles from the ammunition dump. Trevillian acted entirely on his own initiative in submitting the van and its contents to inspection so that he might take them into the restricted area; he was not coerced, nor did he act as the instrument or agent of the security officer. Even in a criminal context, such private conduct is not imputed to the police. *See* Coolidge v. New Hampshire, 403 U.S. 443, 487–490, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Sartain v. United States, 303 F.2d 859, 862–863 (9th Cir. 1962). The security officer was not required to assume that Trevillian was acting improperly, or demand proof of his authority to submit the vehicle and its contents to reasonable inspection as a condition to entry.

Affirmed.